**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| *In re* **HERAEUS KULZER GMBH,** | : | |
| ***Petitioner, For an Order Pursuant to*** | : | |
| ***28 U.S.C. § 1782 to Take Discovery,*** | : | **NO. 09-MC-00017** |
| ***Pursuant to the Federal Rules of Civil*** | : | |
| ***Procedure, of Respondent Esschem, Inc.,*** | : | |
| ***For Use in Foreign Proceedings*** | : | |
|  | : | |

**MEMORANDUM & ORDER**

**RUFE, J.**                                                                **September 11, 2009**

## I.  INTRODUCTION

This action came before the Court on the Application of Heraeus Kulzer GmbH ("Heraeus") for an Order to take discovery for use in foreign litigation pursuant to 28 U.S.C. § 1782.[1] Petitioner Heraeus is a German company in the business of producing and developing bone cement. It seeks to take discovery from Respondent, Esschem, Inc. ("Esschem"), a company with its principal place of business in this judicial district, and which manufactures the specialized materials used in bone cement.

The foreign litigation in question is pending in Germany ("German Action"). Heraeus is the plaintiff, and the defendants include Biomet, Inc., and related companies ("Biomet"), among others. In the German Action, Heraeus seeks redress for an alleged misappropriation of its trade secrets by the various defendants.

Esschem is not a party in the German Action. The basis for this action is Heraeus's belief that Esschem has compelling evidence of the tortious conduct attributed to Biomet in the

---

[1] Doc. No. 1.

German Action.  In particular, Heraeus contends evidence regarding the formulation of bone cement materials produced by Esschem to specifications ordered by Biomet could demonstrate Biomet's use of Heraeus's trade secrets.

The Court issued an Order granting Heraeus's Application on February 24, 2009.[2] By the same Order, it adopted and imposed a protective order regarding access to and disclosure of confidential information in this matter.  The Order authorized Heraeus to serve a subpoena for documents and information upon Esschem and to take subsequent depositions.  Esschem's counsel accepted service of the subpoena on February 24, 2009.

Presently before the Court is Esschem's Motion to Quash the subpoena.[3]  Esschem argues the subpoena should be quashed because it would impose an undue burden and because it seeks disclosure of trade secret or otherwise confidential information.  The parties have filed briefs with supporting affidavits, and have presented oral argument on the Motion to the Court.  The matter is ready for disposition.

## II.  BACKGROUND

Due to the nature of this action and the stage of proceedings, a limited factual record is available at present, some of which is disputed.  Yet certain facts, critical to the Court's analysis of the instant Motion, are not disputed.

### A.  Indiana Proceedings

First, as noted, Biomet is a party in the German Action while Esschem is not.

---

[2] Doc. No. 3.  Heraeus' petition was plainly proper under 28 U.S.C. § 1782, as Esschem's principal place of business is in this judicial district, the discovery sought is for use in a foreign proceeding, and Heraeus is a litigant and hence an "interested person" in the relevant proceeding.

[3] Doc. No. 5.

Biomet's U.S. headquarters is in Indiana.  At around the same time that Heraeus instituted this action, it commenced a similar action under 28 U.S.C. § 1782 in the United States District Court for the Northern District of Indiana seeking discovery from Biomet in that state in aid of the German Action.  After the Indiana district court granted Heraeus's application for a subpoena for documents and other materials from Biomet via the order of the U.S. Magistrate Judge to whom the matter was referred, Biomet filed a motion to vacate the order granting the subpoena and to quash the subpoena on several grounds.

In its motion, Biomet relied on the decision of the Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., in which the Court stated, "a district court is not required to grant a § 1782(a) request simply because it has the authority to do so," and noted four factors relevant to the analysis.[4]  These factors are: (1) whether the respondent to the discovery request is a party in the foreign litigation; (2) the foreign court's receptiveness to evidence obtained through § 1782 or similar statutes; (3) whether the § 1782 petition evinces a design to circumvent the foreign jurisdiction's discovery rules; (4) the breadth of discovery sought.[5]  The Magistrate Judge granted Biomet's motion, vacated its prior order and quashed the subpoena, finding that the Intel factors supported such a ruling.[6]  The court found that Biomet's status as a party in the German Action diminished Heraeus' need for discovery through § 1782.[7]  The court also appears to have concluded that the German court would be unreceptive to discovery obtained through § 1782 due to the fact that

---

[4] Intel Corp., 542 U.S. 241, 247, 264-65 (2004).

[5] Id. at 264-65.

[6] In re Application of Heraeus Kulzer for Order Pursuant to 28 U.S.C. § 1782 to Take Discovery Pursuant to FRCP for Use in Foreign Proceedings, No. 09-08, 2009 WL 961229, *3-*6 (N.D. Ind. Apr. 8, 2009).

[7] Id. at *4.

3

Germany's discovery rules are more restrictive than those of the United States.[8]  As for the third Intel factor, the court noted that § 1782 contains no requirement that a petitioner exhaust discovery efforts in the jurisdiction of the primary litigation before seeking discovery in this country, but nonetheless found that Heraeus's efforts to obtain discovery through § 1782 early in the German Action suggested an effort to circumvent Germany's more restrictive discovery system.[9]  In particular, the court noted that Heraeus had petitioned for discovery under § 1782 before serving its complaint on Biomet and the other defendants in the German Action.[10]  Finally, as for the fourth Intel factor, the court found that the discovery requests at issue were overbroad, vague, and impermissibly inclusive of irrelevant or privileged information.[11]

Heraeus objected to the decision of the Magistrate Judge in the District Court for the Northern District of Indiana.  Finding that the Magistrate Judge's opinion was not clearly erroneous or contrary to law, the district court overruled Heraeus's objections and affirmed the opinion in a decision issued July 9, 2009.[12]  However, the district court stated, "[p]erhaps the Magistrate Judge construed the discretionary [Intel] factors more narrowly than another court might have," and also undertook a much more particularized evaluation of Heraeus's discovery requests than the Magistrate Judge had done.[13]  The district court concluded that Heraeus still had the "option" to

---

[8] Id.

[9] Id. at *5.

[10] Id.

[11] Id. at *5-*6.  The court did not identify or address any discovery requests with specificity in making these determinations.

[12] In re Application of Heraeus Kulzer, No. 09-183, 2009 WL 2058718 (N.D. Ind. July 9, 2009).

[13] Id. at *2.

present a narrowed discovery request to the Magistrate Judge to address concerns of overbreadth.[14]

The same attorneys are lead counsel for Heraeus in the Indiana action and in this case. In oral argument before this Court on the instant Motion on August 17, 2009, counsel for Heraeus averred that it would be following the apparent guidance of the Indiana district court by filing a modified, narrower § 1782 petition seeking discovery from Biomet before that court or the appropriate Magistrate Judge.  It is the Court's understanding that such filing is either imminent or pending.

### B.  Present Proceedings

In this action, Heraeus seeks discovery from Esschem in aid of its claims against the eight defendants in the German Action.  They are: Biomet Deutschland GmbH, Biomet Orthopaedics Switzerland GmbH, Biomet Europe B.V., Biomet, Inc., Merck KGaA, aap Biomaterials GmbH & Co., and Dr. Thomas Kiewitt.  The defendant aap Biomaterials GmbH & Co. has since changed its name to aap Implantate and is hereinafter referred to as "Implantate."

Heraeus's original discovery request, in the form of the subpoena that is the subject of Esschem's Motion to Quash, sought "all documents referring or relating to" several topics or matters: (1) "the relationship between Esschem and Biomet"; (2) "the development, manufacture and production of Biomet's bone cement products, including but not limited to" eleven specified Biomet products, "and the raw materials . . . used to make those bone cement products, from 2004 until today"; (3) "communications with Biomet relating to the development of [any Biomet bone cement product or the raw materials used in it]"; (4) "communications with Implantate and/or its subsidiary EMCM Biomaterials relating to [the above-referenced Biomet bone cements and constituent raw

---

[14] Id. at *3.

5

materials]"; and, (5) "communications within Esschem relating to the development, manufacture, and production of Biomet's bone cement products [and constituent raw materials]".[15]  Plainly, the subpoena is quite broad, and a primary fact dispute in this matter relates to how burdensome it would be for Esschem to comply with Heraeus's subpoena.

However, the basis for this dispute has been significantly tempered by a series of voluntary proposals made by Heraeus with respect to the scope of the discovery that it would initially seek.  The main narrowing of the request came in a July 31, 2009 letter from Heraeus to Esschem, copied to the Court, which lists four requests to replace the original five.  Now, rather than seeking all documents relating in any way to the relationship between Esschem and Biomet, Heraeus's first request seeks documents relating to communications between Esschem and "any one or more of Biomet, EMCM and/or Implantate" regarding the development or supply of one class of product, so-called "Specific Ratio MA/MMA Copolymers" ("the Copolymers") supplied to Biomet since 2004. Its subsequent requests are similarly more particularized, seeking supply agreements between Esschem and Biomet, EMCM and/or Implantate for the Copolymers; documents sufficient to show the relationship between Esschem and the German defendants; Esschem documents on the development or supply of the Copolymers to Biomet; and information referring or relating to two particular Esschem purchase orders.  Also, Heraeus proposed further suggestions for narrowing the scope of the request at the oral argument on this Motion held on August 17, 2009.

Despite the narrowed request, at the August 17, 2009 hearing Esschem maintained that the subpoena should be quashed for the previously asserted reasons.  Notably, at the hearing, it

---

[15] The subpoena is attached to Esschem's Motion, beginning at page 22.  Heraeus's subpoena to Biomet, which is substantially similar to its subpoena to Esschem, is also attached to Esschem's Motion, beginning at page 42.

came to light that Esschem's litigation of the instant dispute was being paid for in full by Biomet.

### III.  STANDARD OF LAW

Federal Rule of Civil Procedure 45(c)(3) governs the quashing or modifying of a subpoena.  Under subsection (A)(iv) of Rule 45(c)(3), "the issuing court <u>must</u> quash or modify a subpoena that . . . subject a person to undue burden."[16]  Meanwhile, under subsection (B)(i) of Rule 45(c)(3), an issuing court is permitted but not directed to quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information."[17]  However, "in the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order . . . production under specified conditions if the serving party . . . shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship."[18]

### IV.  DISCUSSION

The Court considers Esschem's Motion to Quash in light of Heraeus's current discovery requests of record as embodied in the July 31, 2009 letter, and addresses the two asserted grounds for the Motion in turn.

### A.  Undue Burden

Esschem claims Heraeus's discovery requests would place upon it an "undue burden" within the meaning of Rule 45.  Several factors may inform a court's assessment of whether a subpoena creates such an undue burden, including "relevance, the need of the party for the

---

[16] Fed. R. Civ. P. 45(c)(3)(A)(iv) (2007) (emphasis added).

[17] Fed. R. Civ. P. 45(c)(3)(B)(i).

[18] Fed. R. Civ. P. 45(c)(3)(C).

documents, the breadth of the document request, the time period covered by it, the particularity with which documents are described and the burden imposed[,]" as well as the subject's "status as a nonparty to the litigation."[19]

Considering those factors here, the Court cannot find that Heraeus's present discovery request would impose an undue burden on Esschem.  While Esschem's status as a nonparty to the German litigation supports somewhat the notion that it would be burdened by Heraeus's request, the fact that German defendant Biomet is entirely funding Esschem's attack on the subpoena makes Esschem's nonparty status seem less significant than it might in other circumstances.  Through Biomet's subsidy Esschem gains a meaningful link to the German action that the Court will not ignore.

The relevance of the discovery materials sought to the German Action does not appear to be disputed.  While Heraeus's original request as stated in the subpoena may suffer from overbreadth, the request presently under review appears to be sufficiently focused so as to avoid being burdensome for that reason.  It focuses on a single class of products, the Copolymers, and a small number of relationships, those between Esschem and Biomet, EMCM and Implantate, during a period of approximately five years.  The Court notes that these facts stand somewhat out of context due to Esschem's insistence to date that virtually everything about its business, including how many customers it has and who they are, is a confidential business secret.  Lacking such contextual information and evaluating Heraeus's request on its face, the Court deems it not to be an overbroad discovery request, in terms of the time period it covers or the types of documents it seeks.  Likewise,

---

[19] Lady Liberty Trans. Co. v. Philadelphia Parking Auth., No. 05-1322, 2007 WL 707372, at *9 (E.D. Pa. March 1, 2007) (quotations and citations omitted).

the request appears to describe its objects with particularity sufficient to allow Esschem to understand what is sought and locate it without wasted effort. The catch-all factor relating to simply to "the burden imposed" also supports a finding that Heraeus's request is not unduly burdensome. The chief reason is that Esschem would seem to face no financial cost from the discovery request, at least to date, as Biomet is funding Esschem's activities in this action. No reason appears to support a finding that such funding would cease if Esschem were to be forced to respond to Heraeus's discovery request. Accordingly and in sum, there is no justification to grant Esschem's Motion to Quash on the basis of undue burden.

### B. Trade Secret or Confidential Business Information

Esschem also claims that Heraeus's request would require it to reveal trade secret or confidential business information, thus justifying the grant of its Motion to Quash under Rule 45(c)(3)(B)(i). In support, Esschem sets forth the deposition of Michael Norquist, its president and chief operating officer, who avers that each of Heraeus's requests seeks confidential Esschem information which Esschem closely guards. Esschem further adduces two letters from its counsel reflecting the fact that Esschem likewise views Heraeus's narrowed request as stated in the July 31, 2009 letter as seeking confidential business information. Heraeus offers a variety of responses, including to review any discovery obtained on an "attorneys eyes only" basis.

Heraeus is in a difficult position on this point. Esschem has steadfastly maintained that virtually every aspect of its business is conducted behind a veil of strict confidentiality and secrecy, and has refused to provide Heraeus with information Heraeus might analyze in an effort to disprove such claims. Esschem has adduced deposition testimony that this Court deems sufficient at this juncture to meet its burden of demonstrating that the information requested is confidential.

9

Unable to generate rebuttal arguments on the evidence because it has no relevant evidence on the matter, Heraeus's options are severely limited.  It must either argue that Esschem's confidentiality claims are too broad to be credible – as it does, without any supporting evidence – or effectively cede the point that the information is confidential but argue that it has a "substantial need . . . for the . . . material that cannot be otherwise met without undue hardship."[20]  As previously noted, if Heraeus can satisfy the Court that it has such a need, under Rule 45(c)(3)(B),  the Court may order production of the materials sought under specific conditions, such as "attorneys eyes only" disclosure rules.

Heraeus's arguments that the information sought is not confidential business information fail because Heraeus simply cannot rebut the representations of Esschem to the contrary. On the evidence adduced, the Court finds that the information is, at a minimum, confidential in nature.  Moreover, Heraeus is unable, at present, to convince the Court of its "substantial need" for the information.  At oral argument and in its final brief on this Motion, Heraeus has not disputed that the subpoenas or document requests made upon Biomet in the co-pending German and Indiana actions serve the same purpose, and in some cases, seek the same documents, as the requests at issue here.  In these circumstances it is not at all clear that Heraeus's need for Esschem's information is substantial, as might prompt the Court to order disclosure under prescribed conditions.  Heraeus may present a more compelling circumstance of need if its discovery efforts in Indiana and Germany prove unavailing.[21]  For now, however, finding that Heraeus's requests would require Esschem to

---

[20] Fed. R. Civ. P. 45(c)(3)(C).

[21] By this ruling, the Court does not read an "exhaustion" requirement into 28 U.S.C § 1782, but simply notes that Heraeus has failed to present a compelling reason to disregard the fact that the information it seeks appears to be confidential and worthy of protection under Rule 45.

disclose confidential business information, the Court will quash the subpoena and vacate the order granting Heraeus's petition under 28 U.S.C. § 1782 without prejudice to Heraeus's ability to re-file if it becomes able to demonstrate a substantial need for the information it seeks.

## IV.  CONCLUSION

For the reasons set forth above, Esschem's Motion to Quash will be granted, and the order granting Heraeus's petition to take discovery pursuant to 28 U.S.C. § 1782 will be vacated without prejudice.  An appropriate order follows.