IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re* HERAEUS KULZER GMBH, *Petitioner, For an Order to Take Discovery of Respondent Esschem, Inc., For Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782* | No. 09-MC-0017 |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                             August 2, 2011

This action came before the Court on the Application of Heraeus Kulzer GmbH ("Heraeus") for an Order to take discovery for use in foreign litigation in Darmstadt, Germany ("German Action") pursuant to 28 U.S.C. § 1782.[1] Petitioner Heraeus is a German company in the business of producing and developing bone cement. In the German Action, Heraeus has sued Biomet, Inc. and related companies ("Biomet"),[2] seeking redress for alleged misappropriation of its trade secrets. In this Court, Heraeus seeks discovery from Respondent, Esschem, Inc. ("Esschem"), a company with its principal place of business in this judicial district, which manufactured the specialized materials (copolymers) used in Biomet's bone cement. Although Esschem is not a party to the German Action, Heraeus believes Esschem possesses compelling evidence that Biomet misappropriated Heraeus's trade secrets. In particular, Heraeus contends that Esschem produced bone cement materials (certain copolymers) for Biomet according to specifications Biomet had stolen from Heraeus. Therefore, Heraeus believes that discovery from Esschem will help it prove

---

[1] Doc. No. 1.

[2] The eight defendants in the German Action are: Biomet Deutschland GmbH, Biomet Orthopaedics Switzerland GmbH, Biomet Europe B.V., Biomet, Inc., Merck KGaA, aap Biomaterials GmbH & Co., and Dr. Thomas Kiewitt.

1

that Biomet stole and used Heraeus's trade secrets in the German Action.

**BACKGROUND**

On February 24, 2009,[3] the Court granted Heraeus's Application for Discovery, and authorized Heraeus to serve a subpoena for documents and information upon Esschem and to take depositions. By the same Order, the Court adopted and imposed a protective order regarding access to and disclosure of confidential information in this matter.

Heraeus served the subpoena on Esschem, and in response Esschem filed a motion to quash.[4] On September 11, 2009, the Court issued a Memorandum Opinion and Order which held that the discovery request met the fundamental requirements of § 1782 and was not unduly burdensome, especially in light of voluntary concessions from Heraeus regarding the scope of discovery and the disclosure that Biomet was indemnifying Esschem for its litigation costs. Despite these findings, the Court granted Esschem's Motion to Quash the subpoena seeking trade secrets or other confidential information, because it found that Heraeus had not demonstrated a *substantial need* to obtain confidential documents from Esschem, as is required by Rule 45, where it seemed likely that Heraeus could obtain the same documents from Biomet, a party to the German Action, in Indiana and in Germany.[5] Heraeus appealed this decision to the Third Circuit, which approved this Court's ruling but, based upon later-occurring events,[6] vacated and remanded the case to this Court with

---

[3] Doc. No. 3. Heraeus' petition was plainly proper under 28 U.S.C. § 1782, as Esschem's principal place of business is in this judicial district, the discovery sought is for use in a foreign proceeding, and Heraeus is a litigant and hence an "interested person" in the relevant proceeding.

[4] Doc. No. 5.

[5] Doc. No. 27.

[6] At the same time Heraeus filed its § 1782 petition in this Court, it filed a § 1782 petition in the Northern District of Indiana seeking discovery from two Biomet subsidiaries. After oral argument but before the Third Circuit issued its opinion, the Northern District of Indiana denied Heraeus the right to discovery from Biomet for use in the

instructions to grant Heraeus's modified discovery requests.[7]

Discovery has proceeded in this Court, on an expedited basis, duly narrowed and accompanied by protective orders. Although Heraeus has obtained most of the discovery it seeks from Esschem, and counsel for the parties have made every effort to resolve discovery disputes without this Court's intervention, there are three outstanding discovery requests to which Esschem has not agreed: 1) a Rule 30(b)(6) deposition, which Heraeus alleges it needs to form a complete picture of the communications between Esschem and Biomet about production of the product at issue, in light of gaps in produced e-mail correspondence between Biomet and Esschem; 2) removal of redactions in certain documents produced; and 3) a complete set of Esschem's Certificates of Analysis for the copolymers at issue in the German Action.

**STANDARD OF REVIEW**

The Court must first determine whether Esschem has shown that the information Heraeus seeks is subject to privilege or other protection, such as trade-secret protection.[8] If Esschem has so shown, Heraeus must demonstrate a "substantial need for the testimony or material, that cannot be otherwise met without undue hardship."[9] In analyzing the discovery requests, this Court also considers the fact that all discovery in this case is subject to a protective order, minimizing the

---

German Action. After additional briefing, the Third Circuit, noting that the pertinent factors this Court relied upon had changed, and noting the discovery sought by Heraeus was potentially case dispositive, found Heraeus did have a substantial need for discovery from Esschem to advance its litigation in the German Action. Subsequently, on January 24, 2011, the Seventh Circuit reversed the Northern District of Indiana, allowing Heraeus to proceed with discovery from Biomet, again altering the pertinent factors before the Court.

[7] Heraeus Kulzer GMBH v. Esschem, Inc., 390 Fed. App'x. 88, 93 (3d Cir. 2010).

[8] Mycogen Plant Science, Inc. V. Monsanto, Co., 164 F.R.D. 623, 626 (E.D. Pa. 1996).

[9] Fed. R. Civ. P. 45(c)(3)(C)(i).

3

potential negative consequences of disclosure.[10]

**DISCUSSION**

*Information Sought is Confidential or a Trade Secret*

Heraeus argues that the information it seeks from Esschem is not confidential, because it has been provided to Biomet and to **aap** (another company with which Esschem works) without strict confidentiality agreements in place between the parties to protect it.  The Court addressed and rejected this argument in its Memorandum Opinion and Order dated September 11, 2009, and finds Heraeus still cannot satisfy the Court that Esschem's confidentiality claims are not credible.  Consistent with this Court's prior ruling on this matter, Esschem's information has been treated as confidential throughout this litigation and disclosures have been produced pursuant to a protective order.  The Court will not disrupt its prior holdings for the purpose of this Motion.  Therefore, given the confidential nature of the discovery sought, Heraeus must satisfy the Court that it has a substantial need for the discovery it now seeks.[11]

*Substantial Need for the Remaining Discovery Sought*

Esschem asserts that Heraeus can only demonstrate a substantial need for the requested discovery by demonstrating "as a threshold matter that the specifications for the Copolymers that Esschem produced . . . are the same as Heraeus's specifications for the Copolymers."[12]  Esschem argues that Heraeus can only so demonstrate by revealing its own formulas, ingredients, ratios, and other specifications, so that Esschem can compare Heraeus's specifications with the Biomet

---

[10] See Federal Open Market Comm. v. Merrill, 443 U.S. 340, 362 n.24 (1979).

[11] Fed. R. Civ. P. 45(c)(3).

[12] Doc. No. 46 at 7.

specifications Esschem used.  Esschem points to no legal authority in support of its position.

Heraeus notes that its German counsel has provided the Court with an affidavit in which counsel attests that the records Esschem has produced to date support Heraeus's claim that Biomet has misappropriated Heraeus's trade secrets as defined by German law.[13]  In Heraeus's view, this is sufficient to establish relevance and proceed with discovery.  Heraeus further notes that it has no duty to produce discovery regarding its own trade secrets to a non-party to the German Action, and that § 1782 was designed by Congress as a "one-way street" which does not allow the non-party from whom discovery is sought to propound any discovery requests of its own.[14]

The Court agrees that Heraeus need not reveal its own trade secrets and confidential information in order to show that it has a substantial need for the discovery sought.  Having addressed this general objection, the Court will now determine whether Heraeus has adequately demonstrated a substantial need for each of its three remaining discovery requests.

    1.    <u>Rule 30(b)(6) Deposition</u>

Heraeus has noted apparent gaps in Esschem's production of e-mail correspondence between Biomet and Esschem regarding manufacture of the copolymers at issue.  Esschem has acknowledged that some archived e-mail correspondence was destroyed in the ordinary course of business before Esschem received notice of this litigation and put a litigation hold on its records.  Because of these gaps, Heraeus seeks a deposition from an Esschem representative to establish a more complete picture of the communications between Esschem and Biomet regarding

---

[13] Doc. No. 41, Ex. 1.

[14] <u>Euromepa S.A. v. R. Esmerian, Inc.</u>, 51 F.3d 1095, 1097 (2d Cir. 1995).

Esschem's manufacturing of the copolymers at issue.  Heraeus believes that the testimony of the Esschem representative will provide it with context for the produced correspondence and fill gaps in the communications exchanged.  Counsel for Heraeus contends that this deposition is not redundant with the deposition of Biomet's 30(b)(6) witness, and assures the Court that the deposition transcript will be subject to the same protections the parties have adopted for the protection of all Esschem documents.

     Esschem argues that, as a small company with few employees, such a deposition would be unduly burdensome for it, and that Heraeus should obtain the information sought from Biomet.

     This Court finds that the communications between Biomet and Esschem regarding specifications for production of the copolymer at issue may be central to Heraeus's claims in the German Action.  Esschem acknowledges the gaps, but argues that most "holes" in the correspondence produced by Esschem were filled by the Biomet discovery, ongoing in Indiana, which is nearly complete at this time.  While some of the missing documents may have been provided by Biomet, in light of the acknowledged gaps in the sequence of that correspondence that create a need for context and/or explanation, the Court finds that Heraeus has established a substantial need to depose an Esschem representative for the limited purpose of filling those gaps.

     The Court will allow a time-limited deposition (no more than seven hours, to be completed in one day) of an Esschem representative for the purpose of providing context for documents which were produced and providing a narrative to explain what transpired between Esschem and Biomet where pieces of communication are missing.

2.      Removal of Redactions

Heraeus alleges that Esschem has extensively redacted some of the documents it produced, and it believes there is relevant, responsive information in those redactions. Therefore, it seeks removal of Esschem's redactions.[15] Esschem's counsel has advised the Court that it has not redacted relevant and responsive information; all redacted information is unrelated to this case.[16] Esschem's counsel also informed the Court that any improper redactions made previously were accidental and caused by the rush to meet tight, rolling production deadlines agreed upon in light of the schedule in the pending German Action.

Heraeus has not satisfied the Court that the information redacted from documents produced by Esschem is relevant to the German Action. Despite the extensive nature of some of the redactions, the Court finds no grounds to conclude that the documents produced by Esschem were improperly redacted or that the redactions made would significantly impact on Heraeus's ability to litigate its case against Biomet in the German Action. Therefore, based on the current record, the Court will not order the removal of the redactions in documents produced by Esschem.

3.      Certificates of Analysis

Finally, Heraeus has been able to obtain some Certificates of Analysis, but seeks a complete set of Certificates of Analysis for the copolymers Esschem made for Biomet using the specifications at issue in the German Action.

---

[15] Any confidential information therein would be protected by the parties' protective order.

[16] The parties agreed that Esschem would redact price and quantity terms regarding its work for Biomet, and all information relating to projects for other clients.

Esschem makes two arguments as to why the Court should not require it to produce these documents. First, it argues that Heraeus can obtain these Certificates from Biomet. Heraeus has told the Court that it has nearly completed discovery from Biomet and has only received from it seventeen Certificates of Analysis. The Court finds that while Biomet *may* have copies of some or all of these Certificates of Analysis, these are documents produced by Esschem based on its own testing, and Esschem is, therefore, more likely to possess a complete set. Furthermore, the Court does not believe that this discovery request will prove to be time-consuming or burdensome to Esschem.

Second, Esschem argues that Heraeus has not demonstrated a substantial need for the Certificates of Analysis for copolymers produced after Biomet finalized the specifications in 2006, as the specifications and methods of manufacture did not change after that date. Heraeus counters with evidence suggesting that changes were made after 2006.[17] Based on the attestation of Heraeus's counsel and the evidence he points to in support of his affidavit, the Court finds that the Certificates of Analysis for products manufactured after 2006 may reveal additional changes in specifications, and indeed may be essential to Heraeus's case against Biomet.

Finding that Heraeus has demonstrated a substantial need for additional Certificates of Analysis, and finding no merit in Esschem's objections, the Court will grant Heraeus's request for a complete set of Certificates of Analysis for the copolymers at issue.

**CONCLUSION**

The scope of discovery sought from Esschem is extremely limited and narrowly tailored to fill in remaining gaps in the discovery, such as missing pieces of correspondence and

---

[17] Doc. No. 41, Ex. 1, ¶¶ 9-13.

unproduced Certificates of Analysis.  The Court is persuaded that Heraeus needs limited additional discovery from Esschem in order to proceed with its case against Biomet in the German Action.  Accordingly, for the reasons set forth above, Heraeus's request for leave to take a deposition from respondent Esschem is granted.  Its request for additional Certificates of Analysis is also granted.  The request for removal of redactions is denied.  A corresponding Order follows.